Charles E. Farrell, Administrator, Appellee, v. Reuben Bruce, Appellant.

Gen. No. 6,303.   (Not to be reported in full.)

Appeal from the Circuit Court of Peoria county; the Hon. CLYDE E. STONE, Judge, presiding. Heard in this court at the April term, 1916. Reversed and remanded. Opinion filed August 10, 1916.

## Statement of the Case.

Action of trover by Charles E. Farrell, administrator of the estate of John Farrell, deceased, plaintiff, against Reuben Bruce, defendant, for the alleged conversion by the defendant of certificates of deposit belonging to the intestate. From a judgment for plaintiff, defendant appeals.

The deceased, a man eighty years of age, a few days before his death called in some of his friends and by deed and bill of sale made various dispositions of his property, reserving to himself a life estate in a part thereof. Some certificates of deposit owned by him were at his direction brought from the bank in which he kept them and by his direction one of his friends began writing on the back assignments to Reuben Bruce, and he began signing his name to those assignments. He was in bed, and when a paper was ready for him to sign he was propped up in bed with a book placed on his knees, upon which he did the signing. He became tired and only partly wrote his signature on the fifth certificate, of which certificates there were twenty-five in all. An attendant suggested that he leave the signing of the rest until another day, and he handed to Bruce the five which he had assigned and told him with them to pay his funeral expenses and his debts and the rest should be his, and told the amount he wished paid on one debt, which he did not wish paid in full as he considered that the amount

charged him was not just. He handed the remaining twenty certificates to Bruce without assigning them and told him they were his, and Bruce took and carried away all of the certificates. He advised persons there present, to whom he had deeded some of his property, to have their deeds recorded immediately. A few days later, Bruce and several others were at deceased's house, and the twenty certificates were produced, and assignments on the back of each to Reuben Bruce were written. Deceased appeared not strong enough to write his name. One of the parties present wrote deceased's name to each assignment, and deceased affixed his mark to each. Shortly thereafter Bruce cashed these certificates. Deceased died eight days later.

GLEN CAMERON and SHEEN & GALBRAITH, for appellant.

QUINN & QUINN, for appellee; WEIL & BARTLEY, I. R. WASSON and JOHN E. DOUGHERTY, of counsel.

MR. JUSTICE DIBELL delivered the opinion of the court.

## Abstract of the Decision.

1. TROVER AND CONVERSION, § 10*—*when trover lies.* Trover by an administrator will lie for the conversion of certificates of deposit of his intestate though the defendant cashed them during the intestate's lifetime.

2. TROVER AND CONVERSION, § 37*—*when burden on administrator to show lack of mental capacity in intestate.* In an action of trover by an administrator for the conversion of certificates of deposit which had belonged to the intestate and had been assigned in writing and delivered by him to the defendant, where the plaintiff claimed that at the time of making such assignment and delivery the intestate had not sufficient mental capacity to make a valid

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

assignment and delivery, *held* that the burden of proof to prove such fact was on the plaintiff.

3. Gifts, § 22*—*when evidence sufficient to show mental capacity of assignor of certificates of deposit.* In an action of trover for the conversion of certificates of deposit belonging to the plaintiff's intestate and assigned and delivered by him to the defendant, evidence *held* to show that the intestate had sufficient mental capacity to make such assignment.

4. Gifts, § 22*—*when evidence sufficient to show mental capacity to make.* In an action by the administrator of the estate of a deceased person for the conversion of certificates of deposit given by intestate to defendant, proof that deceased was hateful, bitter towards his children and profane, where there was no proof that he suffered from any insane delusion, *held* not sufficient to support a finding that he did not have sufficient mental capacity to dispose of his property.

5. Gifts, § 22*—*when valid.* Where one has sufficient mental capacity to dispose of his personal property, the justness or unjustness of the disposition made thereof is immaterial on the question of its validity.

6. Appeal and Error, § 1413*—*when verdict set aside as against preponderance of evidence.* A verdict may be set aside as against the clear preponderance of the evidence though a verdict for the same party had been rendered on a former trial.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.